# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| PETER-JAMES GIVENS, | ) | |
| Plaintiff, | ) | Civil Action No. 7:19cv00235 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| LADC MEDICAL STAFF, *et al.*, | ) | By: Michael F. Urbanski |
| Defendants. | ) | Chief United States District Judge |

Plaintiff Peter-James Givens, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against Lynchburg Adult Detention Center "Medical Staff" and three nurses, alleging that he was denied adequate medical treatment. The court concludes that Givens' allegations against the named defendants do not rise to the level of a federal violation and, therefore, will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## I.

Givens alleges that on February 1, 2019, he slipped and fell in the medical shower and hit his hand "hard." His hand swelled immediately and defendant Nurse Mitchell instructed him to put ice packs on it, to have x-rays, and to fill out a "request form." On February 2 or 3, 2019, defendant Nurse Davis said that his hand looked bruised, that the swelling was going down, and that it would "be ok[ay]." Nurse Davis did not think Givens needed an x-ray. On February 8, 2019, defendant Nurse Jones saw Givens in "nurse call." Givens complained that the swelling and pain were worse, but Nurse Jones said she did not see anything wrong. On February 11, 2019, Givens had x-rays, which showed that his hand "was broken." Givens states that as of March 7, 2019, he is still waiting for surgery and his hand "has to be reset." Givens seeks "punitive damages for medical neglect, malpractice, and pain and suffering."

---

[1] The court's conditional filing order entered April 9, 2019 (ECF No. 6) is vacated.

## II.

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va. 1995). To establish deliberate indifference, a plaintiff must present facts to demonstrate that the defendant had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825, 837 (1994); see also Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis or course of treatment does not implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990). Questions of medical judgment are not subject to judicial review. Russell, 528 F.2d at 319 (citing Shields v. Kunkel, 442 F.2d 409 (9th Cir. 1971)).

An "error of judgment" on the part of prison medical staff or "inadvertent failure to provide adequate medical care," while perhaps sufficient to support an action for malpractice, does not constitute a constitutional deprivation redressable under § 1983. Boyce v. Alizaduh, 595 F.2d 948, 953 (4th Cir. 1979), abrogated on other grounds by Neitzke v. Williams, 490 U.S. 319 (1989). Mere negligence does not constitute deliberate indifference; rather, a prison official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists and must draw the inference. Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998); see also Farmer, 511 U.S. at 837. The prison official's conduct must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to

fundamental fairness.  Militier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).  Mere negligence or malpractice does not rise to the level of a constitutional violation.  See Estelle, 429 U.S. at 106.

In this case, Givens describes treatment provided to him by each of the three nurse defendants, all within a week of him injuring his hand.  Givens has not demonstrated that the nurses' failure to identify his hand as broken rises to the level of deliberate indifference to his serious medical need.[2]  At most Givens has stated a claim of negligence, which is not actionable under § 1983.[3]  Accordingly, the court will dismiss Givens' complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**ENTER**:  This 12th day of April, 2019.

/s/ Michael F. Urbanski
Chief United States District Judge

---

[2] The court notes that Givens does not allege that any of the defendants are responsible for any delay in him receiving surgery.

[3] Moreover, Lynchburg Adult Detention Center Medical Staff is not a proper defendant.  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  Use of the term "staff" is not adequate to state a claim against a "person" as required in § 1983 actions.  See, e.g., Ferguson v. Morgan, No. 1:90cv06318, 1991 U.S. Dist. LEXIS 8295, at *3, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (concluding that "Medical Staff" is not a "person" for purposes of § 1983); Dudley v. Food Service-Just Care, 519 F. Supp. 2d 602, 604 (D.S.C. 2007) ("[P]laintiffs in § 1983 actions may not be subject to suit collective characterizations such as management or staff") (internal quotations omitted).